```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
AHKEO LABS LLC,                           :    CASE NO. 1:17-CV-1248
                                          :
        Plaintiff,                        :
                                          :
    vs.                                   :    OPINION & ORDER
                                          :    [Resolving Doc. 4]
PLURIMI INVESTMENT MANAGERS               :
LLP, et. al,                              :
                                          :
        Defendants.                       :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 14, 2017, Plaintiff Ahkeo Labs LLC sued Defendants Plurimi Investment Managers LLP and Alexander Maximilian Dupee for breach of contract.[1] Defendants reside in London, United Kingdom[2] but have counsel in the United States—Plurimi in Cleveland, Ohio and Dupee in New York, New York.[3]

Before filing this law suit, Plaintiff negotiated with Defendants' counsel and asked that Defendants waive service.[4] Defendants refused.[5] Plaintiff then asked whether Defendants' lawyers would accept formal service of the summons and complaint on their behalves.[6] Defendants again refused.[7]

Plaintiff Ahkeo now moves this Court to approve an alternative method of service under Federal Rule of Civil Procedure 4(f)(3).

---

[1] Doc. 1.
[2] *Id*. at 2.
[3] Doc. 4 at 3-4.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *Id*.

1

For the reasons below, the Court **GRANTS** Plaintiff Ahkeo's motion.

## I. Legal Standard

Rule 4(f) governs international service of process on foreign individuals, while Rule 4(h) governs international service for businesses.[8] Rule 4(h)(2) authorizes service on a foreign business in "any manner prescribed by Rule 4(f) for serving an individual."[9]

Rule 4(f) "provides three disjunctive methods for service abroad."[10] First, Rule 4(f)(1) allows for service by "any internationally agreed means . . . that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."[11] Second, Rule 4(f)(2) provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice."[12] Third, Rule 4(f)(3) permits service by "other means not prohibited by international agreement, as the court orders."[13]

"Based upon the plain language of Rule 4(f)(3), the only two requirements for service under that Rule are that it must be (1) directed by the court, and (2) not prohibited by international agreement."[14] Importantly, "courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)."[15] "[A] plaintiff is not required to first exhaust the

---

[8] Fed. Rule Civ. P. 4(f), (h).
[9] *Id*. at (h)(2).
[10] *Studio A Entm't, Inc. v. Active Distributors, Inc.*, No. 1:06CV2496, 2008 WL 162785, at *2 (N.D. Ohio Jan. 15, 2008) (quoting *Sibley v. Alcan, Inc.*, 400 F.Supp.2d 1051, 1055 n. 8 (N.D. Ohio 2005)).
[11] Fed. Rule Civ. P. 4(f)(1).
[12] *Id*. at (f)(2). The second method provides a variety of service methods, including "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; as the foreign authority directs in response to a letter rogatory or letter of request; or unless prohibited by the foreign country's law, by: delivering a copy of the summons and of the complaint to the individual personally; or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt . . ." *Id*.
[13] *Id*. at (f)(3).
[14] *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-CV-564, 2013 WL 12178588, at *2 (S.D. Ohio Aug. 21, 2013) (citing *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004)).
[15] *Id.* (collecting cases).

methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)."[16]

"While a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3), a district court may nonetheless require parties to show that they have reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the district court's intervention is necessary."[17] The Court must also ensure that service "comport[s] with constitutional notions of due process," meaning it is "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections."[18]

## II. Discussion

Plaintiff Ahkeo asks this Court to approve alternative service of process. Specifically, Plaintiff seeks approval to serve Defendants' lawyers here in the United States.

Resorting to an alternative means of service is appropriate. Plaintiff "reasonably attempted to effective service" by first asking Defendants to waive service, and when Defendants refused, by asking their lawyers to accept formal service of process on their behalves.[19]

Furthermore, Fed. Rule Civ. P 4(f)(3)'s requirements are satisfied. First, this Court will direct Plaintiff to serve Defendants via their counsel here in the United States. Second, this method is "not prohibited by international agreement."[20]

---

[16] *Id.* at \*2 (citing *Studio A Entm't*, 2008 U.S. Dist. LEXIS 5883, at \*6; *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at \*7 (N.D. Ill. Apr. 19, 2013); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).
[17] *Fed. Trade Comm'n v. Repair All PC, LLC*, No. 1:17 CV 869, 2017 WL 2362946, at \*3 (N.D. Ohio May 31, 2017) (collecting cases).
[18] *Id.* (citing *Studio A Entm't, Inc.*, 2008 WL 162785, at \*3).
[19] Doc. 4 at 3-4.
[20] *Lexmark*, 2013 WL 12178588, at \*2 (citing *Popular Enters., LLC*, 225 F.R.D. at 561).

As a court in this district recently held, "the only transmittal to which the [Hague] Convention applies is *a transmittal abroad* that is required as a necessary part of service."[21] Therefore, "[w]here service on a defendant's domestic agent is valid and complete, the Hague Convention does not apply."[22]

Accordingly, serving Defendants' lawyers in Cleveland and New York does not depend upon the Hague Convention. Furthermore, this service method does not offend notions of due process. Serving Defendants' lawyers—who already know about this case and refused service on their clients' behalves—is "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action."

### III. Conclusion

For the reasons above, the Court **GRANTS** Plaintiff's motion for alternative service. The Court approves service of Defendants' lawyers as laid out in Plaintiff Ahkeo's proposed order.[23]

IT IS SO ORDERED.

Dated: June 26, 2017                      s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[21] *Dyer v. Can-Truck, Inc.*, No. 3:10 CV 1072, 2011 WL 2532871, at *2 (N.D. Ohio June 24, 2011) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707(1988)) (emphasis added in original).
[22] *Id*.
[23] Doc. 4-3.